JUSTICE TRIEWEILER
specially concurring.
¶63 I concur with the majority opinion which affirms the judgment of the District Court. However, I specially concur with the majority’s resolution of Issue No. 1.1 agree with the result arrived at, but would do so for different reasons.
¶64 The exclusive remedy provision of the Workers’ Compensation Act is found at § 39-71-411, MCA. It provides in relevant part that:
[A]n employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers’ Compensation Act....
(Emphasis added.)
¶65 The exclusive remedy provision only applies to employees who have been injured in the course of their employment or the families of employees who have died as a result of injuries sustained during the course of their employment. “Injury” for the purpose of the Workers’ Compensation Act is defined at § 39-71-119, MCA. The definition was narrowed in 1987 and again in 1995 at the behest of the state’s employers, to limit their liability for workers’ compensation claims. It now defines injury as follows:
(1) “Injury” or “injured” means:
*275 (a) internal or external physical harm to the body that is established by objective medical findings ....
In this case, the employer sought coverage under the Workers’ Compensation Act, rather than to avoid the Workers’ Compensation Act, but failed to demonstrate by objective medical findings that there was internal or external physical harm to Katie Onstad. In fact, the employer produced no medical evidence. The fact that Onstad’s medical records or her statements make reference to red marks on her neck, does not constitute objective medical findings of physical harm.
¶66 For these reasons, I would conclude that Onstad had no coverage pursuant to the Workers’ Compensation Act for the consequences of the assault upon her. Therefore, she was not barred by the exclusive remedy provision of the act from suing her employer for the consequences of that assault.
¶67 I otherwise agree with what is said in the majority opinion.
JUSTICE HUNT joins in the foregoing specially concurring opinion.